UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

In re:   PAULA MCCULLOUGH BRADFORD        Case No. 07-62310

       Debtor        Chapter 7

WILLIAM F. SCHNEIDER, TRUSTEE

       Plaintiff,

v.        Adversary Proceeding No. _____

PAULA MCCULLOUGH BRADFORD
1088 Oaklawn Drive
Culpeper, VA 22701

and

HENRY V. SCIORTINO
1547 Tanglewood Drive
West Chester, PA  19380

       Defendants.

**COMPLAINT FOR TURNOVER OF PROPERTY**
**11 U.S.C. § 542(a)**

The Complaint of William F. Schneider, trustee, respectfully represents:

1.     Plaintiff is the duly qualified and acting trustee in this case which was filed by defendant Paula McCullough Bradford (the "Debtor") on December 4, 2007.

2.     The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 as a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).  Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a) in that the instant adversary proceeding is related to the above-captioned case under title 11 of the United States Code which is still pending.

3.  The plaintiff is informed and believes and therefore alleges that among the property of the Debtor's estate is the following asset:

> An 80% interest in Testamentary Trust created by the Last Will and Testament of Hugh McCullough (the "Trust" and the "Will" respectively) who died in Washington County, Pennsylvania in 2002.

4.  On October 3, 2002, defendant Henry Sciortino was appointed as the Trustee of the Testamentary Trust of Henry McCullough by the Court of Common Pleas Washington County, Pennsylvania Orphans Court Division.

5.  Pursuant to the terms of the Will, the Debtor was entitled to receive interest on 80% of the assets of the Trust at age 50 and she became entitled to 80% of the principal at age 60.

6.  On information and belief, the debtor's birth date is April 12, 1948.

7.  The plaintiff is informed and believes and therefore alleges that the Debtor's 80% interest in the Trust is in the possession and under the control of one or both of the defendants.

8.  Pursuant to Section 544(a)(5) of the U.S. Bankruptcy Code, any interest that a debtor acquires or becomes entitled to acquire within 180 days after filing a bankruptcy petition, by bequest, devise or inheritance, is an asset of the bankruptcy estate.

9.  The Debtor did not list her interest in the Trust in the schedules she filed in December 2007.

10. The plaintiff was provided a copy of the Will on June 27, 2008.

11. Beginning on July 23, 2008, the plaintiff made demand upon Mr. Sciortino, the Trustee of the Trust, to turnover the debtor's interest in the Trust and/or to

account for any transfer to her since December 2007.  Plaintiff made subsequent demands on October 14, 2008, December 11, 2008, January 5, 2009, and March 9, 2009.

12. Mr. Scortino has neither provided an accounting to the plaintiff nor turned over any funds to him.

13. The debtor has been aware of all the plaintiff's requests to Mr. Scortino, and she was herself asked for an accounting or turnover on March 9, 2009, but she has also not provided plaintiff with an accounting or turned over any funds to him.

WHEREFORE, the plaintiff prays that the defendants be ordered to surrender and deliver possession of the property of the estate described herein to the plaintiff forthwith, or in the alternative, for the value of said property, together with costs of suit incurred herein, and for such other further relief as this Court deems just and proper.

Date:  September 24, 2009

                                      WILLIAM F. SCHNEIDER, TRUSTEE


                              By: **/s/ William F. Schneider**
                                    Counsel

William F. Schneider (VSB # 32293)
Alexander W. Bell (VSB #13971)
BELL & SCHNEIDER, PLC
P.O. Box 739
Lynchburg, VA  24505
(434) 528-0411
(434) 845-3666 (fax)

3